# Exhibit "1"

# Exhibit "1"

Confidentiality/Non-Solicitation Agreement
between
The Segal Company (Eastern States), Inc. and
Ricardo M. DiBartolo

This Agreement, effective January 1, 2010, is between The Segal Company (Eastern States), Inc. ("the Company") and the individual named above ("Employee"). This Agreement is entered into in consideration of (a) Employee's employment with the Company or a related company (collectively the "Service Companies" and individually a "Service Company"); (b) Employee's participation in the Company's employee benefit plans, including The Segal Group, Inc. Severance Pay Plan for Officers (the "Severance Pay Plan"); (c) Employee's participation in the Annual Incentive Plan; and (d) Employee's eligibility for future salary increases.

The term "Service Company or Companies" means any corporation, partnership, or other enterprise, in which the Company or its parent Company owns, directly or indirectly, at least a 50% interest, or any joint venture in which the Company or any related company participates. The term "person" means any person, firm, partnership, corporation, trust, governmental agency, or other entity.

The Company wishes to entrust to Employee the techniques and information to enable Employee to perform a thoroughly professional job. To that end, this Agreement requires that Employee provide the Company or the Service Companies with the assurance that Employee will not divulge any of this information, other than for the benefit of the Company or the Service Companies as more specifically described below.

By entering into this Agreement, Employee acknowledges that during the course of Employee's employment, Employee will have access to Proprietary Information (as hereinafter defined) which Employee recognizes to be the property of each respective Service Company, valuable to such Service Company's business, and not publicly available. Employee shall not, either during the term of Employee's employment or thereafter, divulge or use (other than for the benefit of the Company or any Service Company) any such confidential or proprietary information, computer programs, forms, or other material.

Employee shall regard and preserve as confidential all Proprietary Information pertaining to the business and affairs of any Service Company that has been or may be obtained by Employee in the course of Employee's employment hereunder, whether Employee has such information in Employee's memory, or in writing, or in other physical form. Employee shall not, without written authority from a Service Company, use for Employee's benefit or Employee's purposes, or disclose to others, either during the term of Employee's employment hereunder or thereafter, except as required by the conditions of Employee's employment hereunder, any Proprietary Information concerning the business or affairs of any Service Company. Employee's obligations as set forth in this paragraph shall continue beyond the termination of Employee's employment.

For purposes of this Agreement, "Proprietary Information" shall mean any information relating to the business or the affairs of the Company or of any Service Company that has not previously

been publicly released by duly authorized representatives of the Service Company and shall include (but shall not be limited to) information encompassed in all computer programs, forms, drawings, designs, plans, proposals, marketing and sales plans, financial information, costs, pricing information, business contact information, client information, employee information, and any other confidential matter or trade secret.

In addition, Employee acknowledges that Employee will receive from the Company or a Service Company memoranda dealing with client and other technical matters, manuals, and/or other written materials describing policies and procedures of the Service Companies, and agrees that the contents of such materials, as they may be supplemented from time to time, are the property of each respective Service Company and shall not at any time be removed from the premises of such Service Company except for the benefit of the Service Company and that Employee shall not at any time make any copies or reproductions of the contents of such material unless required by business necessity or disclose such contents to any persons not authorized by a Service Company to receive such information. Upon request of a Service Company, or upon termination of Employee's employment for any reason, Employee agrees to return to each such Service Company any manuals, computer programs, other written materials describing such Service Company's policies and procedures, and other Service Company documents theretofore delivered to Employee and any copies Employee has made of such materials. All inventions, developments, and written materials made by Employee during Employee's employment which relate to the Company's business are works for hire, the exclusive property of and patentable or copyrightable only by the Company. In the event any work created by Employee during the term of Employee's employment does not qualify as work for hire, by accepting employment with the Company, Employee agrees to assign Employee's rights in such work to the Company.

Employee agrees that upon the termination of Employee's employment with the Company or a Service Company for any reason, Employee will return to the Company within seven (7) days:

      a.    any originals and all copies of all files, notes, documents, slides (including transparencies), computer disks, printouts, reports and other media or property in Employee's possession or control which contain or relate to Proprietary Information.

      b.    all property of the Company or a Service Company, including, but not limited to, supplies, keys, access devices, books, identification cards, computers, personal data assistants (such as Blackberrys), telephones and other equipment.

Employee agrees that upon completion of the obligations set forth above, and following Employee's receipt of a request from the Company, Employee will execute a statement declaring that Employee has retained no property of the Company or materials containing Proprietary Information nor has Employee supplied the same to any person, except as required to carry out Employee's duties as an employee of the Company. Employee acknowledges that to demonstrate that Employee has complied with Employee's obligations, Employee must obtain a written receipt, signed by a Principal of the Company and/or an authorized representative of the Company's Human Resources or IT Departments, itemizing the returned property.

During the term of Employee's employment, the Company or a Service Company will introduce Employee to, and/or grant Employee substantial and direct responsibilities with, a number of existing clients of a Service Company or clients who retain a Service Company at the time of or subsequent to the commencement of Employee's employment. Employee acknowledges that all such clients are clients of the Service Company and that, in dealing with such clients, Employee occupies a position of trust to the Service Company. Accordingly, during Employee's employment and for eighteen (18) months thereafter, Employee shall not directly or indirectly, on Employee's own behalf, or on behalf of any other individual or enterprise (except on behalf of a Service Company), render or offer to render to a direct competitor of the Company services of the kind Employee rendered to or on behalf of Company clients with whom Employee had contact while an employee of the Company, or attempt to call on, solicit, take away or conduct business with, or accept business from, any clients or client prospects of the Company who were solicited or serviced directly or indirectly by Employee or by anyone directly or indirectly under Employee's supervision, or with whom Employee had a business relationship within the one-year period prior to Employee's termination date.

Employee agrees that for the period of Employee's employment by the Company and for the one-year period immediately following the termination of Employee's employment with the Company for any reason whatsoever, Employee shall not directly or indirectly, individually or on behalf of any other person or entity, aid or endeavor to solicit or induce any of the Company's directors, officers or employees to leave their employment with the Company in order to accept employment with or otherwise be engaged by or involved with, Employee or any other person or entity.

Employee recognizes that any breach of the covenants contained in the paragraphs above would irreparably injure the Service Company. Accordingly, the Service Company may, in addition to pursuing its other remedies, obtain an injunction from any court having jurisdiction of the matter restraining any further violation, and no bond or other security shall be required in connection with such injunction.

Employee agrees that so long as Employee is employed by the Company, Employee shall maintain all licenses and registrations necessary for the performance of Employee's duties with the Company and shall comply with all laws, regulations, and rules applicable to the conduct of the Company's business.

Employee shall not disclose any information to the Company which Employee (a) learned prior to employment with the Company and (b) believes to be confidential or proprietary to a third party, and Employee represents and warrants to the Company that Employee will not use such information while employed by the Company.

Employee agrees that this Agreement does not constitute a contract of employment and does not imply that Employee's employment will continue for any period of time.

The Company agrees that in the event Employee's employment is terminated involuntarily, for a reason other than misconduct or other cause, Employee will be entitled to receive a severance benefit based on the following schedule:

| Period of Service | Length of Severance Pay |
|---|---|
| Fewer than 10 years | 3 months |
| At least 10, but fewer than 15 years | 4 months |
| At least 15, but fewer than 20 years | 5 months |
| At least 20, but fewer than 25 years | 6 months |
| 25 or more years | 8 months |

Severance pay will be provided under the terms and conditions of the Severance Pay Plan, which include the requirement that Employee sign a release discharging the Company from all claims. Severance pay is not available if the Company is sold and Employee is offered employment by the purchaser (or any of its affiliates), or if Employee transfers from one affiliate of the Company to another. A copy of the Severance Pay Plan is enclosed.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York applicable to contracts made in and performed within the State of New York. Any action to enforce this Agreement shall be brought in the County of New York, State of New York.

If any provision of this Agreement shall be declared by any court of competent jurisdiction to be illegal, void, invalid, or unenforceable, such provision shall be enforceable to the extent provided by law and the remaining provisions shall not be affected but shall remain in full force and effect. If any provision is found inapplicable to any person or circumstances, it shall nevertheless remain applicable to all other persons and circumstances.

Prior to initiating any administrative or civil litigation against the Company or any Service Company, Employee agrees to meet and confer with Company officials or their representatives in good faith in an effort to resolve amicably any issue, concern, or dispute arising out of the employment relationship or termination thereof, including, but not limited to, issues involving breach of contract, employment discrimination, wrongful discharge, alleged tort claims, etc. If meeting and conferring does not resolve the matter, Employee agrees to then mediate any unresolved issues pursuant to the then existing rules and regulations, applicable to the mediation of employment dispute, of the Judicial Arbitration and Mediation Services ("JAMS"). The costs of the mediation shall be borne equally between the parties, except that the Company will pay the mediation fee. If mediation does not resolve the matter, Employee will then be free to pursue administrative or civil litigation, in accordance with Employee's rights under applicable law. Unless otherwise prohibited by law, Employee and the Company (on behalf of itself and any Service Company) knowingly agree to waive the right to a trial by jury in connection with any dispute arising out of this Agreement.

The Company and Employee acknowledge acceptance of the terms and conditions contained in this Agreement by signing below.

The Segal Company (Eastern States), Inc.

By: _____   Date: _____9/22/09_____
Joseph A. LoCicero
President & CEO

_____   Date: _____9/27/09_____
Ricardo M. DiBartolo

5